1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8      SOUTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| SUSAN V. KLAT, | Case No.:  25-cv-241-WQH-BJW |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| JOHN MORRILL, in his official capacity as Executive Clerk for San Diego District Court, Southern District of California; STEPHANIE MICHELE, in her official capacity as Courtroom Deputy for the Hon. Judge Cynthia Bashant (San Diego District Court, Southern District of California); SCOTT WAHL, in his official capacity as Chief of Police for the City of San Diego; KELLY MCGEEHAN, Esq., in her official capacity as Senior Deputy City Attorney for the City of San Diego; and DOES 1–100, inclusive, | |
| Defendants. | |

HAYES, Judge:

        The matter before the Court is the Motion to Dismiss filed by Defendants John Morrill and Stephanie Michele. (ECF No. 12.)

1

## I.    PROCEDURAL BACKGROUND

On February 3, 2025, Plaintiff initiated this action by filing a Complaint against Defendants John Morrill, Stephanie Michele, Scott Wahl, Kelly McGeehan, and Does 1–100. (ECF No. 1.)

On March 24, 2025, Plaintiff filed proof of service as to Defendants Morrill, Michele, Wahl, and McGeehan. (ECF No. 8–11.)

On May 16, 2025, Defendants Morrill and Michele ("Federal Defendants") filed a Motion to Dismiss. (ECF No. 12.) On June 2, 2025, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF No. 13.) On June 16, 2025, Federal Defendants filed a Reply in support of the Motion to Dismiss. (ECF No. 14.)

The docket reflects that Defendants Wahl and McGeehan ("State Defendants") have not filed a responsive pleading.

## II.    ALLEGATIONS IN THE COMPLAINT

On July 17, 2024, Plaintiff "forwarded a detailed written police records request to [the San Diego Police Department's] Record Division" related to the "the death of her 25-year-old grandson, Dejon Marques Heard, who was shot and killed by San Diego Police on July 6, 2024." (ECF No. 1 at 4–5.)

Defendant Wahl, the Chief of Police for the San Diego Police Department, was "aware of this public records demand" but "refus[ed] to surrender prior officer-civilian interaction records specific to the deceased despite repeated requests." (*Id.*)

On August 20, 2024, Plaintiff, proceeding *pro se*, filed a complaint in United States District Court for the Southern District of California seeking "declaratory judgment and injunctive relief specific to public records access under Title 42 U.S.C. § 1983" and identifying Defendant Wahl as the sole named defendant. (*Id.* at 4); *see* Case No. 3:24-cv-01474-BAS-AHG.

On October 15, 2024, Defendant McGeehan, the "Senior Deputy City Attorney assigned to represent the defendant," filed a motion to dismiss the complaint on behalf of Defendant Wahl. (ECF No. 1 at 5.) On November 19, 2024, Plaintiff filed an opposition to

2

the motion to dismiss. (*Id.* at 6.) The "motion's date scheduled for hearing [was] on December 9, 2024." (*Id.*)

On December 9, 2024, Plaintiff "became aware of Judge Cynthia Bashant's daily calendar . . . created by the [Federal Defendants.]" (*Id.*) The calendar did not list a hearing for argument on the motion to dismiss. (*Id.*) Plaintiff sought a correction and received no response. (*Id.*)

On January 21, 2025, Plaintiff "filed a motion for order and judgment on the pleadings to get the motion material addressed." (*Id.* at 7.)

On January 29, 2025, the United States District Court for the Southern District of California "posted a 5-page disposition order and final judgement entry 'alleging' the judge had denied the motions . . . without a hearing applying 'blanket theory' lack of jurisdiction with the case immediately closed . . . ." (*Id.*) "This entry order and judgment recites the opinion as final, ineligible for reconsideration or appeal, and with the case closed, effectively blocking the Plaintiff from accessing a motion to recover costs . . . ." (*Id.*)[1]

Plaintiff alleges that Federal Defendants, in their capacities as "Executive Clerk" and "Courtroom Deputy"

> conspired to deceive the Plaintiff [by] generating a judicial order to a believed to be non-existent judicial case review [*sic*] . . . ending with [Federal Defendants] generating what appears to be a mock judgment and opinion detailing a specific ruling incongruent with the thought process of a 10-year practicing federal judge with demonstrated integrity and knowledge of constitutional law.

(*Id.* at 2, 8.)

Plaintiff brings claims under 42 U.S.C. §§ 1983, 1985(2), 1986 and Cal. Civil Code §§ 1709, 1710. (*Id.* at 7–12.) Plaintiff seeks monetary damages of $10,000 for "the time associated with pursuing public records and recovery of lost personal belongings seized by

---

[1] Pursuant to Federal Rule of Civil Procedure 201(b)(2), the Court takes judicial notice of the relevant filings in the case: ECF No. 8 (dismissing case for lack of subject matter jurisdiction) and ECF No. 9 (entering judgment) in Case No. 3:24-cv-01474-BAS-AHG.

San Diego law enforcement," $750 "for costs and fees associated with pursuing this case," and "any such further relief this Court deems proper and just." (*Id.* at 8, 13).

## III. CONTENTIONS

Federal Defendants, in their Motion to Dismiss, contend that the Court lacks subject matter jurisdiction and that Plaintiff fails to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 12.)

Federal Defendants contend that the Court lacks subject matter jurisdiction because sovereign immunity shields them from Plaintiff's claims. (*Id.* at 5–8.) Federal Defendants also contend that 42 U.S.C. § 1983 and its related causes of action cannot form the basis of a suit against federal employees. (*Id.* at 6.) Moreover, Defendants contend that "[t]o the extent Plaintiff's claims can be interpreted as constitutional claims brought against [Federal Defendants] under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), such claims would also fail because Plaintiff brings suit against these Defendants in their official capacities and not in their individual capacities." (*Id.* at 7.) "Even granting Plaintiff the additional benefit of the doubt by assuming she brought her claims against the [F]ederal Defendants in their individual capacities, her allegations do not fit within the three types of recognized constitutional violations giving rise to a *Bivens* claim." (*Id.*)

Federal Defendants contend that the Court should dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted because "Plaintiff's allegations . . . are simply not plausible." (*Id.* at 8.) "Even if th[e] Court were to find that Plaintiff's claims against [Federal Defendants] rise above mere threadbare recitals, quasi-judicial immunity requires dismissal." (*Id.* at 8–9 (quotation omitted).)

## IV. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778–79

(9th Cir. 2000). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Federal Rule of Civil Procedure 12(b)(6) "is proper only where there is no cognizable legal theory[,] or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts] construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

## V.    DISCUSSION

### a.  Federal Defendants

#### i.  Subject Matter Jurisdiction

Federal Defendants contend the Court lacks subject matter jurisdiction over all claims in this case because "[s]overeign immunity shields both the federal government and its agencies from suit" unless the United States expressly waives its immunity. (ECF No. 12 at 5–6.) Federal Defendants also contend that 42 U.S.C. §§ 1983 and 1985 cannot support justiciable claims unless the defendants were "'acting under color of State law' and not federal law." (*Id.* at 7.) Federal Defendants contend that, "[t]o the extent that Plaintiff's claims can be interpreted as constitutional claims brought against [Federal Defendants] under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), such claims would also fail because Plaintiff brings suit against these Defendants

in their official capacities and not in their individual capacities. . . . Even granting Plaintiff the additional benefit of the doubt by assuming she brought her claims against the [F]ederal Defendants in their individual capacities, her allegations do not fit within the three types of recognized constitutional violations giving rise to a *Bivens* claims. . . ." (ECF No. 12 at 7.)

Plaintiff, in response, contends that the Federal Defendants "mistakenly assert that all federal employees possess the same sovereign immunity as the United States . . . and therefore require express consent before being sued for actions that exceed the boundaries of the Constitution. . . . Plaintiff argues that both [F]ederal [D]efendants are employees of the federal government and not independent agencies or entities, as the motion contends." (ECF No. 13 at 2–3 (emphasis omitted).) Plaintiff contends that "the immunity conferred by [the Federal Employees Liability Reform and Tort Compensation Act of 1988] does not extend or apply to suits against federal employees for violation of the Constitution or federal statutes. Thus, government officials sued for constitutional torts continue to be protected only by qualified immunity." (*Id.* at 6 (emphasis omitted).) Plaintiff also contends that the "sovereign immunity claimed by the [Federal Defendants] does not apply to core civil right deprivations . . . ." (*Id.* at 9 (emphasis omitted).)

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quotations omitted); *Chang v. United States*, 139 F.4th 1087, 1092 (9th Cir. 2025). Unless Congress "expressly waives" sovereign immunity, federal courts lack subject matter jurisdiction over claims against the United States. *Morales v. United States*, 895 F.3d 703, 713 (9th Cir. 2018). Sovereign immunity "cannot be avoided by naming officers and employees of the United States" as defendants but nonetheless alleging unlawful conduct undertaken in the defendants' official capacities as federal employees. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). In this case, Plaintiff brings claims under federal and state law against Federal Defendants "acting in their Official Roles and Capacities as public employees representing . . . the United States Government"

without identifying a waiver of sovereign immunity that would permit the Court to establish jurisdiction over her claims. (ECF No. 1 at 7–8.) To the extent that Plaintiff might seek waiver under the Federal Tort Claims Act ("FTCA") for her state law claims, the Court finds that the exceptions for claims related to "misrepresentation [or] deceit" render the FTCA's general waiver of sovereign immunity inapplicable to this case. 28 U.S.C. § 2680(h); *see* ECF No. 1 at 11–12 (stating a claim for "misrepresentation with intent to deceive"). Sovereign immunity precludes jurisdiction over Plaintiff's state and federal claims.

The text of 42 U.S.C. § 1983 limits its scope to persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia . . . ." A plaintiff must contend that "the alleged deprivation was committed by a person acting under color of state law" to state a claim under 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988). The statute generally does not support a claim against employees or officers of the federal government. *Chatman v. United States Dep't of the Navy*, 846 F. App'x 543 (9th Cir. 2021); *see Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("§ 1983 precludes liability in federal government actors"). Plaintiff alleges that Federal Defendants violated her rights in the course of "performing their official duties" as employees of the federal government. (ECF No. 1 at 2.) The Court finds that 42 U.S.C. § 1983 and its related provisions do not provide a jurisdictional basis for Plaintiff's federal claims.

Plaintiffs, however, may state a claim against federal officers for constitutional violations under the implied cause of action recognized by the Supreme Court of the United States in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*. 403 U.S. at 389 (holding that a search and seizure in alleged violation of the Fourth Amendment gave rise to a cause of action for damages). This implied cause of action has been recognized by the Supreme Court in only two other circumstances. In *Davis v. Passman*, the Supreme Court recognized a *Bivens* cause of action in a case involving an alleged violation of the Fifth Amendment for discrimination of the basis of sex. 442 U.S. 228

(1979). In *Carlson v. Green*, the Supreme Court recognized a *Bivens* cause of action for an alleged violation of the Eighth Amendment in a case involving the medical mistreatment of a prisoner. 446 U.S. 14 (1980). The Ninth Circuit has adopted a "two-step framework to determine whether a plaintiff should be afforded a cause of action under *Bivens*." *Sheikh v. U.S. Dep't of Homeland Sec.*, 106 F.4th 918, 924 (9th Cir. 2024). Courts consider whether the case "presents a new *Bivens* context" and, if so, "there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (quotation omitted). The Court finds, if Plaintiff's claims are interpreted as *Bivens* claims against the Federal Defendants, the allegations are "different in a meaningful way from previous *Bivens* cases" because the allegations concern constitutional rights that have not formed the basis of a recognized *Bivens* claim. *Ziglar v. Abbasi*, 582 U.S. 120, 139–40 (2017); *see* ECF No. 1 at 8 (alleging violations of "the First and Fourteenth Amendments"). The Court also finds that there is "a rational reason" to think that Congress is better situated than the Judiciary to provide a damages remedy for alleged violations arising from the conduct of federal court employees because of the Judiciary's close relationship with its own officers. *Egbert v. Boule*, 596 U.S. 482, 492 (2022). Plaintiff's claims against the Federal Defendants, if construed as a *Bivens* cause of action, would also be dismissed for lack of jurisdiction.

### ii. Failure to State a Claim

Federal Defendants contend that Plaintiff's allegations that they "conspired to prevent Plaintiff from receiving a hearing on a motion and then drafted a false order in the name of a United States District Judge . . . dwell within the realm of speculation and are simply not plausible." (ECF No. 12 at 8.) Plaintiff, in response, reiterates her claims and "also request[s] an open court hearing to authenticate the judicial findings." (ECF No. 13 at 9.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). While a pleading "does not require 'detailed factual allegations,'" Federal Rule of Civil Procedure 8 nevertheless "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Court finds that Plaintiff does not allege sufficient factual matter to support Plaintiff's claim of a conspiracy by employees of the United States District Court for the Southern District of California. Plaintiff contends that the order issued on January 1, 2025 in her earlier case was a forgery authored by the Federal Defendants. (ECF No. 1 at 2); *see* No. 3:24-cv-01474-BAS-AHG, ECF No. 8. In support of her claim, Plaintiff alleges that: an in-person argument before Chief Judge Bashant was not calendared for her motion (*id.* at 5); the Federal Defendants did not respond to Plaintiff's requests for "correction" (*id.*); and the order issued by the district court was "incongruent with the thought processing of a 10-year practicing federal judge with . . . knowledge of constitutional law" (*id.* at 2). The Court finds that—despite drawing all reasonable inferences in favor of Plaintiff—the facts alleged create no greater likelihood than the "sheer possibility," *Iqbal*, 556 U.S. at 768, that the Federal Defendants "forged a false narrative . . . to close a civil rights complaint" by impersonating a federal judge and surreptitiously filing an order denying Plaintiff relief. (ECF No. 1 at 8.)

The Court accordingly finds that the entirety of Plaintiff's Complaint fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

/ / /

### iii. Quasi-Judicial Immunity

Federal Defendants separately contend that "quasi-judicial immunity requires dismissal" under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff brings claims against courtroom employees—the Executive Clerk of the United States District Court for the Southern District of California and the Courtroom Deputy for Chief Judge Cynthia A. Bashant—for alleged conduct in the course of duties related to the judicial process. (ECF No. 12 at 8–9.)

Plaintiff contends in response that

the actions of the [F]ederal [D]efendants are unrelated to quasi-judicial duties, and . . . the unaddressed prosecutable criminal behavior undermines the fundamental purpose of the federal court system, especially when such conduct obstructs a party's core ability to seek protection and redress for civil rights violations that have been perpetrated by rogue public servants who stray from their roles in safeguarding the Constitution and upholding law and order.

(ECF No. 13 at 8.)

Quasi-judicial immunity protects those who "perform functions closely associated with the judicial process" from claims that allege wrongful conduct during the performance of their responsibilities. *Gay v. Parsons*, 61 F.4th 1088, 1091 (9th Cir. 2023) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). The Ninth Circuit has held that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) "[C]lerks qualify for quasi-judicial immunity unless [their] acts were done in the clear absence of all jurisdiction." *Id.* The Ninth Circuit has "extended absolute quasi-judicial immunity to non-judicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *Fort v. Washington*, 41 F.4th 1141, 1144 (9th Cir. 2022) (citing *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (emphasis omitted) (quotation omitted)). Moreover, a "mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in grave procedural errors." *Mullis*, 828 F.2d at 1390 (quotation omitted).

The Court finds that the Federal Defendants are protected by quasi-judicial immunity in this case. The alleged conduct pertains to the filing of a court order, which is an integral part of the judicial process. Plaintiff's particular allegations that the Defendants "work[ed] together" and "forged a false narrative" to "generat[e] what appears to be a mock judgment" while filing the court order is insufficient to circumvent immunity. (*See* ECF No. 1 at 2, 8.) In *Moore v. Brewster*, the Ninth Circuit affirmed the district court's dismissal of claims against a judicial clerk notwithstanding allegations that he "deceived [the plaintiff] regarding the status of [a] bond and improperly conducted hearings to assess costs, all in coordination with Judge Brewster" because the alleged conduct nonetheless "would fall within [his] quasi-judicial duties and [is] thus protected by absolute immunity." 96 F.3d 1240, 1244 (9th Cir. 1996), *superseded on other grounds by statute*; *see also Coulter v. Murrell*, No. 10CV102-IEG(NLS), 2011 WL 13208995, at *1 (S.D. Cal. Mar. 1, 2011), *aff'd sub nom.*, *Coulter v. Roddy*, 463 F. App'x 610 (9th Cir. 2011) (granting the defendant's motion for summary judgment in response to claims that he directed state court clerks to "improperly and illegally" deny the filing of judicial documents). Allegations of conspiratorial acts in the course of judicial conduct do not, by themselves, overcome immunity. *Cf. Moore*, 96 F.3d at 1244 ("Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party. . . .").

The Court finds that quasi-judicial immunity establishes a complete and independent bar to Plaintiff's claims.

### b. State Defendants

The Eleventh Amendment to the U.S. Constitution ("Eleventh Amendment") protects states and their officials from claims brought in federal court, unless the state consents to the lawsuit. *Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025); *Alden v. Maine*, 527 U.S. 706, 712 (1999) ("We have . . . sometimes referred to the States' immunity from suit as 'Eleventh Amendment immunity.' The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment."). A claim for damages brought

under 42 U.S.C. § 1983 against a state official "in his or her official capacity . . . is no different from a suit against the State itself" and remains barred by sovereign immunity. *Flint v. Dennison*, 488 F.3d 816, 824 (9th Cir. 2007) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Plaintiff brings claims against State Defendants based on alleged conduct undertaken "in their Official Roles and Capacities as public employees representing the City of San Diego . . . in conjunction with the San Diego Police and the San Diego City Attorney's Office." (ECF No. 1 at 10.) The Court finds, based on Plaintiff's allegations, that colorable questions arise regarding whether sovereign immunity protects State Defendants from her claims. The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, the Court finds that Plaintiff ought to show cause as to whether subject matter jurisdiction over her claims against State Defendants is appropriate.

## VI.    CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) filed by Federal Defendants is granted. The Complaint (ECF No. 1) is dismissed as to Federal Defendants without prejudice.

IT IS FURTHER ORDERED that Plaintiff show cause as to whether the Court may properly exercise subject matter jurisdiction over her claims against State Defendants. Plaintiff shall file a response within thirty (30) days of the filing of this Order. If Plaintiff files to timely file a response or fails to show that the Court may properly exercise subject matter jurisdiction over her claims against State Defendants, the Court will dismiss the Complaint without prejudice.

Dated:  October 20, 2025

Hon. William Q. Hayes
United States District Court

25-cv-241-WQH-BJW